ORDER
The memorandum disposition filed on March 2, 2009, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.
MEMORANDUM **
Kenneth M. Miller appeals pro se from the district court’s judgment in favor of defendants in his action arising out of a dispute concerning access to his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir.2007). We affirm.
The district court properly dismissed the claims against Pima County concerning the alleged denial of access to Miller’s property because this lawsuit involves the same cause of action that was litigated in a prior state court action between the same parties, and the prior action concluded in a *496 final judgment on the merits. See Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir.1997) (explaining that state law determines the preclusive effect of state court judgments in federal court, and describing res judicata under Arizona law). Miller did not raise any contentions regarding his constitutional claims against Pima County or his claims against the other defendants, and thus we deem those claims abandoned. See Cook v. Schriro, 538 F.3d 1000, 1014 n. 5 (9th Cir.2008).
The district court did not abuse its discretion by ruling on defendants’ motions without directing Miller to file oppositions and without hearing oral argument. See Ariz. Civ. R. 7.2(c), 56.1(d) (providing deadlines to file oppositions to motions unless otherwise ordered by the district court); Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir.2007) (explaining that the district court has broad discretion in interpreting local rules and managing motion practice); Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 867, 869 (9th Cir.1991) (concluding that the district court did not abuse its discretion by denying oral argument because party failed to demonstrate prejudice from the denial).
Miller’s remaining contentions are unpersuasive.
Miller’s “Motion to Adjourn to Address Issues Arising from Review of the Certificate of the Record” is denied.
AFFIRMED. '

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.