**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZEDDRICK F. WHITE,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br> DELOITTE & TOUCHE, LLP;<br> BRACHFELD & ASSOCIATES,<br><br>  Defendants - Appellees. | No. 10-56274<br><br> D.C. No. 2:10-cv-03479-CAS-PJW<br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Zeddrick F. White appeals pro se from the district court's judgment

dismissing his action alleging, inter alia, violations of the Fair Credit Reporting

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, White's
request for oral argument is denied.

Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  We affirm in part, vacate in part, and remand.

The district court properly dismissed White's third claim for failure to state a claim upon which relief could be granted because White failed to present any legal basis for his claim.  *See* Fed. R. Civ. P. 12(b)(6).

Although the district court did not abuse its discretion in granting Deloitte & Touche's request for judicial notice, *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), dismissal of White's first and second claims on the basis of res judicata was improper because the allegations contained in these claims arose after White's last judgment on the merits in state court, *see San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (applying California claim preclusion law to determine a California judgment's effect on a subsequent federal case and listing California preclusion requirements, including that both lawsuits involve the same cause of action and that there was a final judgment on the merits in the first lawsuit); *cf. Muller v. Tanner*, 82 Cal. Rptr. 734, 736 n.4 & 738 (Ct. App. 1969) (noting that it is questionable whether a dismissal following a vexatious litigant's failure to post security is a judgment on the merits).  Accordingly, we vacate the judgment in part, and remand as to these

claims for the district court to determine in the first instance whether White states claims for which relief may be granted.

White's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**