MEMORANDUM **
Alicia Wolin appeals from the district court’s judgment in favor of defendants in her action alleging that she was denied a promotion to Lieutenant of the Los Ange-les Police Department because of her gender. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir.2007).
This is Wolin’s second judicial proceeding challenging defendants’ alleged refusal to promote her to Lieutenant. Wolin previously petitioned the Superior Court of Los Angeles for a writ of mandate that would have overturned the administrative determination of the Los Angeles Police Department denying her claim for a promotion and back pay. After she lost in Superior Court and on appeal at the Court of Appeal, she brought the instant action alleging that the failure to promote has violated various state and federal laws. Because we conclude that Wolin’s claim is barred by the doctrine of res judicata, we affirm the district court’s judgment.
“It is settled that the doctrine of res judicata applies to judgments on the merits in proceedings in mandamus.” Hollywood Circle, Inc. v. Dep’t of Alcoholic Beverage Control, 55 Cal.2d 728, 733, 13 Cal.Rptr. 104, 361 P.2d 712 (1961). Moreover, state court judgments have the same full faith and credit in federal courts as they do in the states in which they are rendered. Thus, a federal court called upon to determine the preclusive effect of a state judgment must apply the claim preclusion law of the state in which the original judgment was rendered. Adam Bros. Farming, Inc. v. County of Santa Barbara, 604 F.3d 1142, 1148 (9th Cir.2010). Under California law, three requirements must be met to establish the defense of claim preclusion. The defendant must prove that “(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.” Boeken v. Philip Morris, 48 Cal.4th 788, 108 Cal.Rptr.3d 806, 230 P.3d 342, 348 (2010) (quoting Peo *333 ple v. Barragan, 32 Cal.4th 236, 9 Cal. Rptr.3d 76, 83 P.3d 480, 492 (2004)).
Under California law, to determine whether two proceedings involve identical causes of action for the purpose of the claim preclusion analysis, courts apply the so-called “primary rights” theory. “Under this theory, a cause of action ... arises out of an antecedent primary right and corresponding duty[,] and the ... breach.... ” Boeken, 108 Cal.Rptr.3d 806, 230 P.3d at 348. Furthermore, the most significant consideration under California’s “primary rights” theory is the harm suffered by the plaintiff: “[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced.” Id.
In the instant case, the district court correctly determined that Wolin’s actions in state and federal court involve the same “primary right.” In both her federal and state court proceedings, the harm about which Wolin complains is the defendants’ allegedly wrongful refusal to grant her a promotion. Asserting her alleged primary right to a promotion under civil rights laws, as opposed to the consent decree, does not allege a new injury under California’s claim preclusion law. See Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist., 783 F.2d 848, 851 (9th Cir.1986).
We have considered Wolin’s remaining arguments and find them to be without merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.