**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY MORGAN,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO; et al.,<br><br>    Defendants - Appellees. | No. 12-15336<br><br>D.C. No. 3:10-cv-04231-JSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding[**]

Submitted June 10, 2013[***]

Before:   HAWKINS, McKEOWN, and BERZON, Circuit Judges.

  Terry Morgan appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging excessive force and racial profiling arising

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from a traffic ticket for jaywalking.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002),

and we affirm.

The district court properly granted summary judgment based on the doctrine

of res judicata because Morgan asserted identical claims against identical

defendants arising out of the same primary right in a prior California state court

action that was dismissed with prejudice.  *See Intri-Plex Techs., Inc. v. Crest Grp.,*

*Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (federal courts look to state law to

determine the preclusive effect of a state court judgment); *Mycogen Corp. v.*

*Monsanto Co.*, 51 P.3d 297, 301, 306-07 (Cal. 2002) (setting forth elements of the

doctrine of res judicata under California's primary rights theory); *see also Boeken*

*v. Philip Morris USA, Inc.*, 230 P.3d 342, 345 (Cal. 2010) (under California law,

dismissal with prejudice is the equivalent of a final judgment on the merits).

Morgan's contentions regarding the alleged denial of a right to speedy trial

and the improper adjudication of his action before any witness testimony are

unpersuasive.

**AFFIRMED.**

2                                                                                          12-15336