
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 12-15214 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01120 JAM-DAD |
| v. | |
| L. SANCHEZ *et al.*, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 13, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, SACK[***], and BEA, Circuit Judges.

Thomas John Heilman, a state prisoner, appeals from the district court's

order dismissing his action under 42 U.S.C. § 1983.  The complaint alleges that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

prison officials violated his right of access to the courts and retaliated against him for using the prison grievance process. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the dismissal of a prisoner's complaint under 28 U.S.C. § 1915A. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Although Heilman was afforded counsel on appeal, his original and amended complaints were filed *pro se* and are therefore read with the solicitude normally afforded *pro se* plaintiffs. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). We affirm in part, reverse in part, and remand.

The district court properly dismissed the claim that defendant Sanchez's refusal to photocopy certain documents impaired an action that Heilman had filed in state court. Because that action did not attack Heilman's sentence or challenge the conditions of his confinement, he was not entitled to affirmative assistance in the preparation of his case. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (the right to access the courts requires that prisons provide the tools "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"); *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (right to affirmative assistance applies in a limited class of cases). Moreover, the record from the court proceedings referenced in Heilman's filings demonstrates that the defendants did not erect barriers resulting in injury to his

state court action because that state action was filed more than a year after Heilman secured through the grievance process his ability to make these photocopies. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1037 (9th Cir. 2013) (*pro se* complaint may be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (internal quotation marks omitted)); *Silva*, 658 F.3d at 1102–03 (stating that, in "other civil actions" not related to the sentence or conditions of confinement, the Constitution "forbids states from erecting barriers that impede the right of access of incarcerated persons" (brackets and internal quotation marks omitted)).[1]

The district court also properly dismissed Heilman's claims against defendants Jackson and Beebe because Heilman failed to allege plausible facts to support a claim that either defendant was personally involved in any constitutional violation, that any causal connection existed between either defendant's conduct and any such violation, or that either defendant was motivated by retaliation. *See Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) (explaining that supervisory defendants must have violated the Constitution "through their own individual actions," including by adopting the mental state required by the

---

[1] We accordingly also AFFIRM the dismissal of Heilman's claim against defendant Williams insofar as it alleged Williams denied Heilman access to the courts by establishing or enforcing a restrictive copying policy.

underlying constitutional tort (brackets and quotation marks omitted)); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (internal quotation marks omitted)).

The district court also properly dismissed two bases for the retaliation claim. First, Sanchez's refusal to provide Heilman with a personal copy of his inmate trust account statement did not constitute an adverse action giving rise to a retaliation claim against Sanchez. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004) (stating that retaliation claims require an adverse action, motivated by a "prisoner's protected conduct," which has the effect of chilling the "exercise of First Amendment rights" and does not "reasonably advance a legitimate correctional goal"). Second, the "Appeals Abuse Warning" issued against Heilman served legitimate correctional goals and cannot support a retaliation claim. *See*

*Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (noting that "legitimate penological goals" include "preserving institutional order and discipline").[2]

The district court improperly dismissed the remainder of the plaintiff's retaliation claim, however. The complaint alleges that defendant Sanchez threatened Heilman with disciplinary action if he accessed the prison's grievance mechanisms. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (stating that the "mere *threat* of harm can be an adverse action" giving rise to a retaliation claim (emphasis in original)); *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (stressing that a mere threat may be retaliatory "regardless of whether it is carried out"). The complaint also alleges instances in which Sanchez purportedly carried out these threats by removing Heilman from the library and by placing in his file disciplinary notices premised on false allegations. *See Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (defendant's prior expressed opposition to the protected activity may suggest that retaliation motivated a later adverse action); *Watison*, 668 F.3d at 1115 (disciplinary action premised on false allegations cannot serve a legitimate correctional goal).

---

[2] We accordingly also AFFIRM the district court's dismissal of Heilman's claim against defendant Williams insofar as it alleged Williams supervised these acts.

5

We therefore reverse the district court's dismissal under 28 U.S.C. § 1915A of the retaliation claim that rests on these factual allegations, and we remand for further proceedings. The surviving allegation of retaliation relates only to the actions of defendant Sanchez, and does not involve acts by any of the other three defendants named in the First Amended Complaint.

With respect to those aspects of the complaint that were properly dismissed, the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a *pro se* complaint is permissible "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (internal quotation marks omitted)).

The defendants' request for judicial notice, filed on July 26, 2012, is granted. *See Intri-Plex Techs., Inc. v. Crest Grp.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (stating that it is permissible to take judicial notice of "matters of public record" insofar as these are not "subject to reasonable dispute"); *Doe v. Mann*, 415 F.3d 1038, 1040 n.3 (9th Cir. 2005) (taking judicial notice of records relating to proceedings in state court); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents incorporated by reference in complaint, such as those that form the basis of the plaintiff's claims).

The plaintiff's request for judicial notice, filed on August 13, 2012, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this memorandum.**