**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS T. ALFORD, | No. 14-15134 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01470-TLN-CKD |
| v. | |
| STEPHEN S. CARLTON, District Attorney of Shasta County, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 18, 2014[**]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Thomas T. Alford, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

post-conviction access to biological evidence for DNA testing. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Intri-Plex Techs, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Alford's action was proper because Alford failed to allege facts sufficient to state a cognizable claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1293, 1298 (2011) (a prisoner can state a cognizable § 1983 claim by alleging a general constitutional challenge to a state post-conviction DNA testing statute, but not by challenging such statute's application in his case); *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69-72 (2009) (due process requires only that the state's procedures for post-conviction relief do not offend fundamental principles of justice or transgress any recognized principle of fundamental fairness in operation).

We do not consider arguments and allegations raised for the first time on appeal). *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**