**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDE KURTZ, solely in her capacity as Chapter 7th Trustee for the Estate of Namco Financial Exchange Corp., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation; et al., <br><br> Defendants-Appellees. | No. 14-55931 <br><br> D.C. No. 2:11-cv-07010-DMG-JCG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 30, 2016[**]
Pasadena, California

Before:    SILVERMAN, FISHER, and WATFORD, Circuit Judges.

Heide Kurtz, as Chapter 7 trustee for the estate of Namco Financial Exchange

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Corp. ("NFE"), appeals the district court's grant of summary judgment in favor of Liberty Mutual Insurance Company, Zurich American Insurance Company, Axis Insurance Company, and Twin City Fire Insurance Company (collectively "Insurers"). NFE held itself as an Internal Revenue Code § 1031 "qualified intermediary."[1] Rather than safeguarding customer funds, however, NFE's high ranking officials stole millions of dollars from its clients. In this diversity action, Kurtz sought to recover on behalf of those clients under the commercial crime insurance policies that Insurers issued to NFE in 2007. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment de novo, *Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1080 (9th Cir. 2005), and we apply California substantive law. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (in a diversity action, the law of the forum state applies).

The district court properly granted summary judgment for Insurers on Kurtz's breach of contract and declaratory relief claims because Insurers established as a

---

[1] Section 1031 of the Internal Revenue Code allows entities that invest in real estate to defer payment of capital gains taxes on the proceeds of the sale of a property if the entity deposits the proceeds into an account with a "qualified intermediary" and then uses those proceeds to purchase a "like-kind" property within a specified period of time. *See* 26 U.S.C. § 1031; 26 C.F.R. § 1.1031(k)-1.

matter of law that NFE made a material misrepresentation on its insurance application. *See Douglas v. Fid. Nat'l Ins. Co.*, 177 Cal. Rptr. 3d 271, 283-84 (Cal. Ct. App. 2014) (explaining that a material misrepresentation "in an application for insurance entitle[s] an insurer to rescind an insurance policy" and "establishes a complete defense in an action on the policy," and setting forth test for materiality).

While an insurer may fail to establish its defense of misrepresentation if an insurance application question is ambiguous, the district court properly concluded that no such ambiguity existed here. *See Am. Mut. Liab. Ins. Co. v. Goff*, 281 F.2d 689, 691-93 (9th Cir. 1960) ("[W]e cannot say that the lower court erred in finding that appellant had failed to establish its defense of misrepresentation," where the question on the insurance application was "far from clear[.]"). Question 3 on the insurance application asked: "Are proceeds from 1031 transactions held in bank accounts segregated from those of your operating funds?" The district court properly concluded that Question 3 was not ambiguous because the question is not "capable of two or more constructions, both of which are reasonable," in looking at the application as a whole, and "in the circumstances of the case." *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1212-13 (Cal. 2003) (setting forth principles for construing contracts). Namely, the only reasonable interpretation of Question 3 is that it asks whether NFE holds "proceeds from 1031 transactions" in separate bank

accounts from NFE's bank account holding its operating funds.

The district court properly concluded that Insurers did not waive their misrepresentation defense because, although NFE changed its answer to Question 3, whether NFE misrepresented facts in the revised application was not "distinctly implied in other facts," nor did NFE's misrepresentation constitute an obvious red flag. *Old Line Life Ins. Co. v. Super. Ct.*, 281 Cal. Rptr. 15, 19 (Cal. Ct. App. 1991) (an insurer may waive its right to disclosure of material facts by neglecting to inquire as to material facts, "where they are distinctly implied in other facts of which information is communicated," Cal. Ins. Code § 336, or by failing "to follow up obvious leads").

Finally, the district court properly granted summary judgment on Kurtz's breach of the implied covenant of good faith and fair dealing claim because it correctly concluded that Insurers were entitled to rescind the policies. *See Brizuela v. Calfarm Ins. Co.*, 10 Cal. Rptr. 3d 661, 673 (Cal. Ct. App. 2004) ("[A]bsent any potential for coverage under an insurance policy, there can be no breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." (citation and internal quotation marks omitted)).

**AFFIRMED.**