NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALMA MERRITT; DAVID MERRITT, pro se,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF SUNNYVALE; et al.,<br><br>Defendants-Appellees. | No. 16-16888<br><br>D.C. No. 5:15-cv-02775-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Salma Merritt and David Merritt appeal pro se from the district court's

judgment dismissing their 42 U.S.C § 1983 action alleging federal and state law

claims arising from homeowners' association policies.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo dismissals based on res judicata and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

applicable statute of limitations. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed the Merritts' claims against defendants Classics at Fair Oaks Homeowners' Association, Chetak Gandhi, Wayne Brown, and Ying-Chi Ying (collectively, "Classics Defendants") as barred by the doctrine of res judicata because the claims were raised, or could have been raised, in the Merritts' prior state court action which involved the same primary rights and parties, and resulted in a final judgment on the merits. *See id.* at 1031 ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth res judicata doctrine under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated."). Contrary to the Merritts' contention, the district court was not required to hold an evidentiary hearing as to whether they were provided a full and fair opportunity to litigate in state court.

The district court properly dismissed the Merritts' § 1983 claims against defendants City of Sunnyvale, Rosemarie Zulueta, Trudi Ryan, Hanson Hom, and John Howe ("Sunnyvale Defendants") as barred by the applicable statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (for

§ 1983 claims, courts apply forum state's statute of limitations for personal injury claims and state law regarding tolling); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (test for equitable tolling under California law). Contrary to the Merritts' contention, the continuing violation doctrine does not save their claims from being time-barred.

The district court did not abuse its discretion by denying the Merritts' requests for further extensions of time to file oppositions to defendants' motion to dismiss, particularly where the district court previously granted lengthy extensions to oppose the motions. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review and good cause requirement for extensions of time).

The district court did not abuse its discretion by dismissing the Merritts' action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to amend where amendment would be futile).

The district court did not abuse its discretion by granting the Classics Defendants' motion for attorney's fees because the Declaration of Restrictions ("CC&Rs") provided for attorney's fees in legal proceedings relating to the rights

"of the Association or any Person subject to this Declaration." *See* Cal. Civ. Code § 1717(a) (providing for recovery of attorney's fees in any action on a contract where contract calls for attorney's fees); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (standard of review).

Contrary to the Merritts' contention, the district court did not convert defendants' motions to dismiss into motions for summary judgment. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (explaining when a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wrigh*t, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Classics Defendants' request for attorney's fees and costs, set forth in their answering brief, is denied without prejudice to filing a motion for attorney's fees and a bill of costs.

The Sunnyvale Defendants' request for costs, set forth in their answering brief, is denied without prejudice to filing a bill of costs.

**AFFIRMED.**