**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: WILEHARDA KILIAN MBUNDA, DBA Gallery Twiga, AKA Twiga Mbunda, <br><br> Debtor, <br><br>———————————————— <br><br> THOMAS VAN ZANDT, Executor for Estate of Evaline Jeanne Malis, <br><br> Appellant, <br><br> v. <br><br> WILEHARDA KILIAN MBUNDA, <br><br> Appellee. | No. 13-60002 <br><br> BAP No. 11-1653 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Markell, Bankruptcy Judges, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before:  BERZON, BYBEE, and OWENS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Appellant Thomas Van Zandt appeals the Bankruptcy Appellate Panel's (BAP) affirmance of the bankruptcy court's dismissal of his 11 U.S.C. § 523(a)(6) claim and its entry of judgment on partial findings in Wileharda Kilian Mbunda's (Appellee) favor on his 11 U.S.C. § 523(a)(2) claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Van Zandt argues that he could have amended his § 523(a)(6) claim to allege that Mbunda violated California Welfare and Institutions Code § 15610.30 in acquiring the $200,000 loan from Van Zandt's former mother-in-law, Evaline Jeanne Malis. We review a Rule 12(b)(6) dismissal de novo, and a denial of leave to amend for abuse of discretion. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003) (citation omitted); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1000 (9th Cir. 2008).

The BAP correctly concluded that even if Van Zandt could allege a § 15610.30 violation, that offense is not a categorical match to § 523(a)(6) because § 523(a)(6) requires a higher mental state. Section 523(a)(6) requires a showing of willful and malicious injury. *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008). By contrast, § 15610.30 merely requires a showing that property was taken from an elder for a "wrongful use" or by "undue

2

influence." Cal. Welf. & Inst. Code § 15610.30(a). Even if Van Zandt could prove that Mbunda exercised undue influence to get Malis's money or that Mbunda acquired the loan for a wrongful use, he would still fail to show that, at the time of entering into the loan agreement, Mbunda willfully and maliciously intended to injure Malis. Thus, the bankruptcy court did not err in dismissing this claim with prejudice.

Second, Van Zandt argues that the bankruptcy court erroneously interpreted Federal Rule of Evidence 807—the residual or catchall hearsay exception—by stating that Van Zandt could not use Rule 807 "to trump a specific rule that works against" him or "to get around a rule," and he contends that this misinterpretation resulted in the wrongful exclusion of various statements that Malis made to him in 2009 and 2010. We review de novo whether a lower court "correctly construed a hearsay rule," but we review the "exclusion of evidence under a hearsay rule for abuse of discretion." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). We agree that the bankruptcy judge misconstrued Rule 807.[1] We have interpreted Rule 807 to allow for the admission of any out-of-court statement, so long as the

[1] The BAP found that a "fair reading of the entire record" showed that the bankruptcy court properly applied Rule 807 in finding that Malis's out-of-court statements did not satisfy the rule's requirements. But we read the trial transcript differently. A full reading of the record shows that the bankruptcy court misconstrued Rule 807 and failed to apply it correctly.

3

statement meets the residual rule's own articulated requirements. *United States v. Marchini*, 797 F.2d 759, 763 (9th Cir. 1986) (declining to adopt the interpretation of the residual hearsay exception that the bankruptcy judge did here).

We nevertheless agree with the BAP that the excluded statements do "not contain the requisite guarantees of trustworthiness required for admission under the catchall hearsay exception." *United States v. Angulo*, 4 F.3d 843, 845 n.2 (9th Cir. 1993). For instance, Malis's 2009 and 2010 statements to Van Zandt were not made "under oath and subject to the penalty of perjury" nor were they recorded in any way "which would allow the [judge] an opportunity to view [her] demeanor." *See United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998). Malis made these alleged statements shortly before her death, which occurred four or five years after entering into the 2005 loan agreement with Mbunda. The lack of detail of the proposed statements makes it impossible to tell *when* Malis thought that Mbunda made the alleged representations; if Mbunda did in fact make false representations to Malis, but she made them after receiving the loan proceeds, then that loan was not "obtained by" false pretenses, as required by § 523(a)(2)(A). Finally, Malis's beliefs in 2009 and 2010 about her interest in the loan to Mbunda could have been the result of a variety of factors not necessarily tied to proof of anything that Mbunda represented to her in 2005.

Therefore, despite its error in misconstruing Rule 807, the bankruptcy court's decision to exclude Van Zandt's proposed statements was ultimately non-prejudicial. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008) ("To reverse on the basis of an erroneous evidentiary ruling, we must conclude . . . that the [bankruptcy court's] error was prejudicial.").

**AFFIRMED.**