FILED

MAY 31 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   NV-14-1517-FBD |
| ) | |
| PETER SZANTO, ) | Bk. No.   3:13-51261-GWZ |
| ) | |
| Debtor. ) | Adv. No.  3:13-05038-GWZ |
| _____ ) | |
| ) | |
| PETER SZANTO, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| VICTOR SZANTO; ANTHONY SZANTO,) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on May 19, 2016
at Las Vegas, Nevada

Filed – May 31, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Chief Bankruptcy Judge, and
Honorable Gregg W. Zive, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Peter Szanto argued pro se; John S.
                 Bartlett argued for Appellees Victor Szanto and
                 Anthony Szanto.

_____

_____

     [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have, see Fed. R. App. P. 32.1, it has no precedential value, see
9th Cir. BAP Rule 8024-1.

Before: FARIS, BARASH,[**] and DUNN, Bankruptcy Judges.

## INTRODUCTION

Appellant/chapter 11[1] debtor Peter Szanto appeals from the bankruptcy court's order dismissing his complaint for failure to state a claim. The bankruptcy court abused its discretion when it denied leave to file an amended complaint. But this error was harmless. The court dismissed the underlying bankruptcy case, and it did not abuse its discretion when it declined to retain jurisdiction over the adversary proceeding. Accordingly, we AFFIRM.

## FACTUAL BACKGROUND[2]

### A. The adversary complaint

Mr. Szanto[3] initiated his chapter 11 bankruptcy on June 25, 2013 and later commenced an adversary proceeding against his brothers, the appellees in this appeal. Mr. Szanto claimed that

---

[**] Hon. Martin R. Barash, United States Bankruptcy Judge for the Central District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

[2] Mr. Szanto presents us with a limited record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[3] Mr. Szanto is a serial litigant. The bankruptcy court noted that there are seventy-six cases nationwide involving a party named Peter Szanto, and Mr. Szanto acknowledged that he was a party to at least fifteen or twenty of those cases. At oral argument, Mr. Szanto acknowledged that the California state court found him to be a vexatious litigant.

2

Appellees are fraudulently concealing or withholding approximately $3,200,000 in trust assets.

**B.   The motion to dismiss**

Appellees moved to dismiss the adversary proceeding ("Motion to Dismiss").  Appellees argued (among other things) that Mr. Szanto failed to allege facts sufficient to meet the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The bankruptcy court held that the complaint did not satisfy the standards of Twombly and Iqbal.  Mr. Szanto does not challenge this decision on appeal.  He does challenge the bankruptcy court's denial of an opportunity to file an amended complaint.

The court explained that he would have to file a new complaint and pay a new filing fee: "I mean, this is not even close to Iqbal and Twombly, so you need to re-file a complaint. It's not a first amended complaint.  It is a new complaint.  You have to allege facts.  You have to reserve it and we'll go forward from there."

**C.   The motion for reconsideration**

Mr. Szanto filed a motion for reconsideration ("Motion for Reconsideration"), arguing that the court should have allowed him leave to amend the complaint.  The hearing on the Motion for Reconsideration was delayed for fifteen months because Mr. Szanto claimed he was too ill to appear.

**D.   Dismissal of the bankruptcy case**

In the meantime, the bankruptcy court dismissed Mr. Szanto's bankruptcy case.  The chapter 11 trustee moved to dismiss the

3

case or convert it to chapter 7 because Mr. Szanto failed timely under § 1112(b)(4)(J) to file a disclosure statement. The court granted the motion and dismissed the bankruptcy case with a six-month bar on re-filing any bankruptcy petition.

The district court affirmed the bankruptcy court's order of dismissal. Mr. Szanto appealed the district court's decision to the Ninth Circuit, and that appeal is currently pending.

**E.    Ruling on the Motion for Reconsideration**

The bankruptcy court denied the Motion for Reconsideration for two reasons. First, it determined that granting leave to amend would be an excise in futility, since Mr. Szanto failed to "propose any amendments to his complaint that would cure the deficiencies to allege any facts upon which a claim can be stated against defendants."

Second, the bankruptcy court noted that, during the fifteen months that the Motion for Reconsideration was pending, the court had dismissed the underlying bankruptcy case, and Mr. Szanto had neither requested nor received a stay of the order dismissing the bankruptcy case. Applying Carraher v. Morgan Electronics, Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992), the court held that it would not retain jurisdiction over the adversary proceeding.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). Mr. Szanto's notice of appeal was premature because he filed it before the bankruptcy court decided his Motion for Reconsideration. Now that the bankruptcy court has denied the Motion for Reconsideration, the bankruptcy court's

4

order has become final, and we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in dismissing Mr. Szanto's adversary complaint without leave to amend.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's decision to dismiss a complaint under Civil Rule 12(b)(6). See Movsesian v. Victoria Versicherung AG, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc).

In contrast, we review for abuse of discretion the bankruptcy court's decision whether to grant leave to amend the complaint. See, e.g., Zadrozny v. Bank of N.Y. Mellon, 720 F.3d 1163, 1167 (9th Cir. 2013); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Appellate courts should "review strictly a . . . court's exercise of discretion denying leave to amend." Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988), amended, 856 F.2d 111 (9th Cir. 1988).

Similarly, we review for abuse of discretion the court's decision to decline to exercise jurisdiction over an adversary proceeding. In re Carraher, 971 F.2d at 328.

We also review for abuse of discretion the denial of a motion for reconsideration. See N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was

5

illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887-88 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261-62).

We may affirm on any ground supported by the record. Diener v. McBeth (In re Diener), 483 B.R. 196, 202 (9th Cir. BAP 2012).

## DISCUSSION

**A.    The propriety of dismissal is not before us.**

As a preliminary matter, we note that Mr. Szanto is not appealing the bankruptcy court's decision to dismiss his complaint. We only consider whether the court should have allowed Mr. Szanto leave to amend his complaint.

**B.    The bankruptcy court abused its discretion in denying Mr. Szanto an opportunity to amend his adversary complaint.**

Civil Rule 15(a), made applicable through Rule 7015, provides that if an amendment is not allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Civil Rule 15(a)(2). The Ninth Circuit has "stressed Rule 15's policy of favoring amendments, and [it has] applied this policy with liberality." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149,

6

1160 (9th Cir. 1989).

In determining whether to grant leave to amend, we follow the United States Supreme Court's dictate in Foman v. Davis, 371 U.S. 178 (1962), which instructed that:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be freely given.

Id. at 182; see Tracht Gut, LLC v. Cty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 814 (9th Cir. BAP 2014) (relying on the "Foman Factors").

"[A] determination that any amendment would be futile requires the trial court to dismiss the complaint with prejudice." In re Tracht Gut, LLC, 503 B.R. at 815 (citing Mirmehdi v. United States, 689 F.3d 975, 985 (9th Cir. 2012); Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010)). "Amendment is futile when 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 356 (9th Cir. BAP 2012), aff'd, 604 F. App'x 552 (9th Cir. 2015) (quoting Albrecht, 845 F.2d at 195).

The Ninth Circuit has cautioned that "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting Sparling v. Daou (In re Daou Sys., Inc.), 411 F.3d 1006, 1013 (9th Cir. 2005)).

7

**1. The bankruptcy court erroneously denied leave to amend based on the insufficiency of the original complaint.**

The court abused its discretion by not allowing Mr. Szanto to amend his complaint. The court apparently denied leave to amend because it thought the complaint was very far from meeting the Twombly and Iqbal standards. This was an error. When deciding whether to grant leave to amend, the degree of insufficiency of the original complaint is irrelevant. Rather, the primary question is whether the plaintiff **could** file an adequate complaint.

Further, in its ruling on the Motion to Dismiss, the court did not rely on any of the Foman factors in its decision to deny leave to amend. Thus, the court applied the incorrect legal standard.

**2. The court erred in determining that any amendment would be futile.**

In ruling on the Motion for Reconsideration, the court properly identified the Foman factors, but held that futility of amendment justified denying leave to amend under Civil Rule 15(a). It said that, because Mr. Szanto did not offer any amendments to his complaint that would cure the deficiency, "granting leave to plaintiff to file an amended complaint would be an exercise in futility in the complete absence of any showing by plaintiff he has a factual basis upon which a claim against defendants can be stated."

The record does not support the view that amendment would be futile. For example, the court pointed out that Mr. Szanto did not identify the "assets" referenced in the complaint; however,

8

Mr. Szanto said that the "assets" at issue are those listed in his Schedule B.[4] Mr. Szanto could solve that problem simply by identifying and adequately describing those assets in his amended complaint. Similarly, the court faulted Mr. Szanto for not referencing the trusts at issue; in his Motion for Reconsideration, he identified the three trusts. Mr. Szanto could incorporate this information in an amended complaint. In other words, it is not apparent to us "that the complaint could not be saved by any amendment." See Intri-Plex Techs., Inc., 499 F.3d at 1056; see also In re Tracht Gut, LLC, 503 B.R. at 814; cf. In re Mbunda, 484 B.R. at 356-57 (concluding that amendment would be futile because the appellant conceded he could not present additional facts).

The court faulted Mr. Szanto for not describing the amendments he would make to the complaint. But this puts the cart before the horse. A plaintiff does not have to file an amended complaint, or say what an amended complaint would allege, until after the court has dismissed the original complaint. The court cannot deny leave to amend because the plaintiff has failed to describe the proposed amendments, as long as there is reason to believe that the plaintiff could construct a viable complaint.

**C. The bankruptcy court properly declined to retain jurisdiction over the adversary proceeding, so its error in refusing to grant leave to amend is harmless.**

Even though the court erred in denying Mr. Szanto leave to amend, such error was harmless. The bankruptcy court dismissed

---

[4] Schedule B generally identifies a "[f]amily trust entitlement" valued at $3,200,000.

9

the underlying bankruptcy case. It subsequently determined that it would not exercise jurisdiction over the adversary complaint. Mr. Szanto did not appeal this decision or otherwise address it in his appellate briefs, and we find no error.

We follow the Ninth Circuit's four-part test set forth in Carraher to determine whether a court should retain jurisdiction over an adversary proceeding after the underlying bankruptcy case has been dismissed. The Ninth Circuit stated:

> In considering what standards govern the bankruptcy court's discretion in determining whether to retain a related case after dismissal of the underlying bankruptcy case, we, like other courts, turn for guidance to cases considering the authority of federal district courts to retain pendent state claims after the federal claims have been dismissed. The Supreme Court has held that where a federal district court dismisses federal claims, **the court must consider economy**, **convenience**, **fairness and comity** in deciding whether to retain jurisdiction over pendent state claims.

In re Carraher, 971 F.2d at 328 (emphasis added) (internal citations omitted); see also Linkway Investment Co., Inc. v. Olsen (In re Casamont Investors, Ltd.), 196 B.R. 517, 523 (9th Cir. BAP 1996) ("retention of jurisdiction was found to have been **improper** when the initiation of the dispute was recent, no action had been taken prior to the dismissal and the dispute concerned issues of probate law, in which the state courts had more expertise" (emphasis in original)); Zegzula v. JPMorgan Chase Bank, N.A. (In re Zegzula), BAP No. WW-14-1119-JuKiF, 2015 WL 5786572 (9th Cir. BAP Oct. 2, 2015) (holding that the bankruptcy court did not abuse its discretion in declining to retain jurisdiction over the adversary proceeding when it had previously dismissed the underlying bankruptcy case and found that

10

considerations of judicial economy and fairness did not support the court's retention of jurisdiction over the adversary proceeding).

Mr. Szanto's opening brief fails to discuss the bankruptcy court's decision not to retain jurisdiction of the adversary proceeding. Nor did he address this issue in his reply brief, even when specifically argued by Appellees in their answering brief. We thus deem this issue waived for the purposes of appeal.[5] See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("on appeal, arguments not raised by a party in his opening brief are deemed waived").

Even if Mr. Szanto had not waived the issue, we would conclude that the bankruptcy court did not err in dismissing the adversary proceeding. The bankruptcy court properly identified the Carraher test as the correct legal standard and applied that test to the facts of the case. We find no error in the court's conclusions.

First, judicial economy does not favor retention of the adversary proceeding. As the bankruptcy court properly noted, the adversary proceeding had not progressed beyond the initial pleading stage. Although the case had been pending for nearly two years, the delay was largely caused by Mr. Szanto and his failures to appear at the hearings on his Motion for

---

[5] At oral argument, the Panel questioned Mr. Szanto about the effect of the dismissal of the underlying bankruptcy case. Mr. Szanto failed to provide any substantive answer (or explain why he did not raise that issue in this appeal) and only stated that, because the dismissal order is currently on appeal to the Ninth Circuit, the effect "remains to be seen" as he is "charting new law."

11

Reconsideration. Moreover, the issues raised by the adversary complaint are state law issues that can be resolved expeditiously in state court. See In re Carraher, 196 B.R. at 524. As such, judicial economy does not support retention of the adversary proceeding.

Second, none of the parties would be inconvenienced by the dismissal of the case. The bankruptcy court stated that there is ongoing litigation in California state court, which could potentially involve the present parties, most of whom are California residents.[6] See id.

Third, it would not be unfair to require Mr. Szanto to assert his claims in state court. Mr. Szanto fails to explain why he could not assert his state law claims in state court.[7]

Finally, comity favors refusing jurisdiction over the adversary complaint. We agree with the bankruptcy court that the fraud-based claims are grounded in state law and should be decided in state court.

Therefore, the bankruptcy court did not err in refusing to retain jurisdiction over the adversary proceeding after the underlying bankruptcy case had been dismissed.

---

[6] Mr. Szanto says that, if his complaint is dismissed, the statute of limitations would bar his claims. He offers no explanation for this statement, so we cannot say that the bankruptcy court's refusal to retain jurisdiction would be unfair to him.

[7] At oral argument, Mr. Szanto stated that he cannot present his claims in the California state courts because he has been declared a vexatious litigant in California. The fact that a party apparently has abused the state court system does not require the federal courts to hold their doors open.

12

**CONCLUSION**

The bankruptcy court abused its discretion in dismissing the complaint without leave to amend.  However, the bankruptcy court has dismissed the underlying bankruptcy case, and Mr. Szanto has not appealed the court's decision to decline to exercise jurisdiction over the adversary proceeding.  Moreover, the court correctly declined jurisdiction under the Carraher analysis.  Accordingly, the bankruptcy court's error was harmless, and we AFFIRM.

13