

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ASSISTED LIVING AMERICA V, LLC,<br>　　　　　　Debtor. | BAP No. CC-23-1138-LPC<br><br>Bk. No. 2:22-bk-11051-VZ |
| DEAN R. ISAACSON,<br>　　　　　　Appellant,<br>v.<br>ETHAN WEITZ, Trustee of the Weitz<br>Family Trust; SANDRA WEITZ, Trustee<br>of the Weitz Family Trust,<br>　　　　　　Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent P. Zurzolo, Bankruptcy Judge, Presiding

Before: LAFFERTY, CORBIT, and PEARSON[1], Bankruptcy Judges.

## INTRODUCTION

Appellant Dean R. Isaacson filed a claim in the debtor's chapter 7[2] case, seeking a distribution from the estate as an unsecured creditor.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Teresa H. Pearson, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[2] Unless specified otherwise, all chapter and section references are to the

Appellees hold a judgment secured by a judgment lien against Mr. Isaacson's personal property. The judgment that gave rise to the judgment lien originated from a California state court lawsuit between Mr. Isaacson and appellees – in other words, the lien arose from a state court action between two nondebtor entities.

To notify the bankruptcy court and the chapter 7 trustee of the lien against Mr. Isaacson's assets, including against any recovery by Mr. Isaacson from the debtor's estate, appellees filed a notice of their judgment lien against Mr. Isaacson. In response, Mr. Isaacson filed a motion requesting avoidance of appellees' lien against his claim, disputing the validity of appellees' judgment lien.

Recognizing that Mr. Isaacson was requesting resolution of a dispute between two nondebtor entities that would not have any conceivable impact on the debtor's bankruptcy case, the bankruptcy court denied Mr. Isaacson's motion for lack of subject matter jurisdiction.

We AFFIRM.

### FACTS[3]

After Assisted Living America V, LLC ("Debtor") filed its chapter 7 petition, Mr. Isaacson asserted a claim against Debtor's estate based on

---

Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur.*

"loans" and "[e]quity" (the "Claim"). Subsequently, Ethan Weitz and Sandra Weitz, as co-trustees of the Weitz Family Trust (collectively, "WFT"), filed a notice of a judgment lien against Mr. Isaacson's assets, including the Claim, and provided a recorded prepetition abstract of judgment and judgment lien attaching to Mr. Isaacson's personal property. The judgment was entered by the state court that presided over a lawsuit between Mr. Isaacson and WFT.

Shortly thereafter, Mr. Isaacson filed a motion to "set aside lien and exemption" (the "Motion"). In the body of the Motion, Mr. Isaacson mostly argued that WFT's attorney blackmailed and extorted him by telling him WFT would assert a lien against the Claim unless Mr. Isaacson dismissed two state court actions. In his conclusion, Mr. Isaacson requested that the bankruptcy court avoid WFT's lien against the Claim. Prior to the bankruptcy court's resolution of the Motion, the bankruptcy court entered an order granting the chapter 7 trustee's request to deposit funds that would be paid on the Claim into the court's registry.

Later, the bankruptcy court held a hearing on the Motion. In its oral ruling, the bankruptcy court held that it lacked subject matter jurisdiction over the dispute between Mr. Isaacson and WFT and/or its attorney because the dispute was between two nondebtor entities and would not

---

*Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

3

have an impact on Debtor's estate. The bankruptcy court eventually entered an order denying the Motion. Mr. Isaacson timely appealed.

After Mr. Isaacson initiated this appeal, WFT filed a motion to disburse the funds from the court's registry. The bankruptcy court entered an order granting this motion. Mr. Isaacson did not appeal this order. Recently, the chapter 7 trustee filed her final account and distribution report, certifying that Debtor's estate has been fully administered.

## JURISDICTION

As discussed below, the bankruptcy court accurately held that it lacked subject matter jurisdiction over this dispute. We have jurisdiction over the bankruptcy court's determination under 28 U.S.C. § 158.

## ISSUES

1. Is this appeal moot?

2. Did the bankruptcy court err in denying the Motion for lack of subject matter jurisdiction?

## STANDARD OF REVIEW

We review a dismissal based on lack of subject matter jurisdiction de novo. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). De novo review means that we review the matter anew, as if the bankruptcy court had not previously decided it. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

**DISCUSSION**

This appeal presents two distinct jurisdictional issues. First, we must address WFT's argument that this appeal is moot based on the chapter 7 trustee's disbursement of funds to WFT. If this appeal is moot, we lack jurisdiction over this appeal. If this appeal is not moot, however, we may proceed to analyze whether the bankruptcy court erred in holding that it lacked subject matter jurisdiction over this dispute.

**A.    This appeal is not moot.**

"We cannot exercise jurisdiction over a moot appeal." *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014) (citations omitted). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 880 (9th Cir. 2012) (quotation marks and citation omitted). If it cannot grant such relief, the matter is moot. *Id.* "The 'party moving for dismissal on mootness grounds bears a heavy burden.'" *Id.* (quoting *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003)).

Here, if we decided this appeal in favor of Mr. Isaacson by reversing the bankruptcy court's holding that it lacked subject matter jurisdiction, and remanding this matter to the bankruptcy court for resolution of this matter on the merits, the bankruptcy court could simply order WFT to disgorge the funds it received from the chapter 7 trustee. *See Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir. 1993) (holding that an

5

appeal is not moot if distributed funds can simply be disgorged and party who received the funds is a party to the appeal). WFT does not offer any other reason why this appeal is moot. Because this Panel could provide Mr. Isaacson effective relief if we were to decide this matter in his favor, this appeal is not moot. As such, we may proceed to consider the bankruptcy court's dismissal for lack of subject matter jurisdiction.

**B.    The bankruptcy court did not err in holding that it lacked subject matter jurisdiction over this dispute.**

Bankruptcy court jurisdiction is governed by 28 U.S.C. § 1334. Bankruptcy courts, via referral from the district courts, have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

"A matter 'arises under' the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010) (citations omitted). A proceeding "arises in" a case under the Code "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id.* (citation omitted).

An action is "related to" a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or

6

freedom of action (either positively or negatively) in such a way as to impact the administration of the bankruptcy estate. *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting definition of "related to" as announced in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

The bankruptcy court did not err in holding that it lacked subject matter jurisdiction over this dispute. Mr. Isaacson raises two main issues: that WFT improperly asserted a lien against his assets and that WFT's attorney blackmailed Mr. Isaacson.[4] These claims do not implicate the bankruptcy court's "arising under" jurisdiction because they are not based on a statutory provision of the Code. In addition, the bankruptcy court lacked "arising in" jurisdiction because the claims are not unique to bankruptcy. Mr. Isaacson's dispute over the validity of WFT's state court judgment and judgment lien, and any claims related to WFT's attorney's conduct in communicating with Mr. Isaacson regarding that lien, would have existed with or without Debtor's bankruptcy case and could be brought in another forum.

---

[4] Mr. Isaacson also notes that the bankruptcy court did not allow him an opportunity "to go into any detail" during the hearing on the Motion. The record provided by the parties does not support this contention. However, because the bankruptcy court lacked jurisdiction over this dispute, even if the bankruptcy court somehow erred by limiting Mr. Isaacson's arguments, any such error would be harmless. Either way, the bankruptcy court could not resolve the parties' disputes because it lacked jurisdiction over them. *See* 28 U.S.C. § 2111 ("the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties"); *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012) ("Generally speaking, we ignore harmless error."), *aff'd*, 604 F. App'x 552 (9th Cir. 2015).

The bankruptcy court also did not have "related to" jurisdiction. Mr. Isaacson, WFT, and WFT's attorney are nondebtor parties. The record is devoid of any indication that this dispute could alter **Debtor's** "rights, liabilities, options or freedom of action" or how there could be any conceivable impact on *Debtor*'s estate. WFT's rights, or lack thereof, to *Mr. Isaacson*'s personal assets does not "relate to" administration of Debtor's bankruptcy case, and, as a result, the bankruptcy court did not have any basis to exercise subject matter jurisdiction over this dispute.

## CONCLUSION

The bankruptcy court did not err in denying the Motion. We therefore AFFIRM.