
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re:<br>YING LIU and ZHIWEN YANG,<br><div align=right>Debtors.</div> | BAP No.  WW-23-1200-GBS<br><br>Bk. No. 22-10855-TWD |
| YING LIU; ZHIWEN YANG,<br><div align=right>Appellants,</div><br>v.<br><br>YUN ZHANG,<br><div align=right>Appellee.</div> | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Timothy W. Dore, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Ying Liu and Zhiwen Yang ("Debtors") appeal the bankruptcy

court's order holding them in default of their confirmed chapter 11[1] plan

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "LBR" references are to the Local Bankruptcy Rules for the Western District of Washington.

and granting relief to creditor Yun Zhang. Debtors argue that, because they disputed Ms. Zhang's claim, they were not required to make payments under the plan. They maintain that they could pay Ms. Zhang if her claim was ultimately allowed, and thus, any default was not material. Debtors also argue the court erred by refusing to consider evidence which they believe proves they did not owe Ms. Zhang any debt.

We agree with the bankruptcy court that Debtors defaulted under the plan because Ms. Zhang's claim was allowed by a court-approved settlement—and by the terms of the confirmed plan—and Debtors never filed an objection to dispute the claim. Their default was material and the court's evidentiary ruling was not an abuse of discretion. We AFFIRM.

## FACTS[2]

### A. Prepetition events[3]

In 2017, Ms. Zhang obtained a money judgment against Debtors in China based on a breach of Debtors' commercial obligations (the "Chinese Judgment"). In 2020, Ms. Zhang filed a petition in Washington state court for recognition of the Chinese Judgment, and the state court entered

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] We borrow some of our factual recitation from our prior decision rendered in a related appeal, *Liu v. Zhang (In re Liu)*, BAP No. WW-23-1158-LBS, 2024 WL 1886583 (9th Cir. BAP Apr. 30, 2024), *appeal docketed,* Case No. 24-3522 (9th Cir. June 5, 2024).

judgment against Debtors in the amount of $4,698,122 (the "Washington Judgment").

Debtor Ying Liu then filed an action in China to set aside the Chinese Judgment, alleging that Ms. Zhang committed fraud in obtaining it. Hao Lu, an individual residing in China to whom Debtors owed money, filed a separate lawsuit to revoke the Chinese Judgment (the "Hao Lu Action").

**B.    Debtors' bankruptcy and the settlement agreement**

In May 2022, Debtors filed a chapter 11 petition and elected to proceed under subchapter V. They scheduled two claims in favor of Ms. Zhang and indicated both were disputed. Ms. Zhang filed a proof of claim, asserting a secured claim of $5,020,131.68.

From July through August 2022, Debtors and Ms. Zhang engaged in settlement negotiations. Debtors requested a clause in the final agreement that would nullify the settlement if the Chinese Judgment was vacated, but Ms. Zhang did not accept the proposed clause and the parties reached a final agreement without it. The final settlement provided for Ms. Zhang to have an allowed claim of $3,000,000, secured by deeds of trust on properties owned by Debtors. Debtors agreed to sell two properties within 90 days of plan confirmation and pay the net proceeds to Ms. Zhang. They agreed to pay the remainder of Ms. Zhang's claim within approximately three years of confirmation. Ms. Zhang agreed not to challenge Debtors' election of subchapter V and to support confirmation of the plan.

The bankruptcy court approved the settlement, and in September 2022, the court confirmed Debtors' third amended plan (the "Plan") which incorporates the terms of the agreement. The confirmed Plan provides for allowance of Ms. Zhang's secured claim, and it requires Debtors to sell their properties located on NE 95th Ct, in Redmond Washington (the "Redmond Property") and 205th Ave. NE in Sammamish, Washington (the "Sammamish Property") within 90 days of confirmation and pay Ms. Zhang the net proceeds.

Section 4.02 of the Plan states: "The Debtors and Reorganized Debtors reserve the right to object to any claim in any class prior to or following the confirmation of this Plan. Any such claim shall be considered a 'Disputed Claim.'" Section 5.01 provides:

> In addition to the definition provided in section 4.02, above, a Disputed Claim is also a claim that has not been allowed or disallowed by a final, non-appealable order, and as to which either: (a) a proof of claim has been timely filed and either (i) the proof of claim differs from the scheduled amount, or (ii) an objection has been filed or identified herein; or (b) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent or unliquidated.

The Plan requires any holder of a claim asserting a default under the Plan to deliver written notice to Debtors, and it provides 30 days for Debtors to cure any such default. The Plan directs that the automatic stay would be reinstated upon confirmation and remain in effect until Debtors receive their discharge.

4

## C. Revocation of the Chinese Judgment and Debtors' motion to vacate the settlement agreement

In May 2022, the Chinese court presiding over the Hao Lu Action vacated the Chinese Judgment. Debtors then filed a motion pursuant to Civil Rule 60(b)(3), (b)(5), and (b)(6), made applicable by Rule 9024, for relief from the order approving the settlement.

The bankruptcy court denied Debtors' Civil Rule 60 motion because: (1) the asserted "fraud, misrepresentation, or opposing party misconduct" under Civil Rule 60(b)(3) related to entry of the Chinese Judgment, not the order approving the settlement; (2) relief under Civil Rule 60(b)(5) was not warranted because it was "not inequitable to hold [Debtors] to the terms of a settlement agreement they entered into while knowing all the relevant facts that have allowed them to successfully challenge [Ms.] Zhang's claim;" and (3) there was no manifest injustice under Civil Rule 60(b)(6) because Debtors knew all the relevant facts before settling.

Debtors appealed the order denying their Civil Rule 60(b) motion, and we affirmed. *In re Liu*, 2024 WL 1886583.

## D. Ms. Zhang's motion to enforce the Plan and the court's order

After the court denied Debtors' Civil Rule 60(b) motion, Ms. Zhang filed a motion to enforce the terms of the Plan. She stated that Debtors sold the Sammamish Property but failed to pay her the net proceeds, and they did not sell the Redmond Property as required by the Plan. Ms. Zhang

asserted that she gave notice to Debtors, and they did not cure the default. She sought an order compelling Debtors to provide an accounting of the sale proceeds and pay her as required by the Plan. Ms. Zhang also requested an order permitting her to foreclose the deed of trust on the Redmond Property.

In opposition, Debtors argued they were not required to pay Ms. Zhang because they disputed her claim and intended to file a written objection despite the court's ruling on their Civil Rule 60(b) motion. Debtors contended the Plan gave them the right to object to the claim "at any time," and because they disputed Ms. Zhang's claim, she was not entitled to payments under the Plan.

According to Debtors, they were not in material default because the Redmond Property remained listed for sale, and they were holding the proceeds from the Sammamish Property sale pending resolution of Ms. Zhang's disputed claim. Debtors further suggested Ms. Zhang already may have been paid because she had not provided an accounting of her recovery from Debtors' assets in China, and they asserted she would have to establish the amount she was entitled to recover if the court determined Debtors were in default. Debtors argued they were not required to provide an accounting of sale proceeds and stay relief was not appropriate.

At the hearing on the motion in November 2022, the bankruptcy court determined that Ms. Zhang's claim was allowed by multiple court orders, including the order approving the settlement and the order

confirming the Plan. The court noted that Section 4.02 of the Plan reserved Debtors' right to object to claims prior to or after confirmation, but it did not establish a deadline. Consequently, the claims objection deadline provided by LBR 3007-1(a)[4] was applicable. Because Debtors did not object within the deadline, they could not dispute the claim and were required to treat it as an allowed claim under the Plan.

The bankruptcy court reasoned that the default was material because Ms. Zhang relied on the Plan terms requiring sales of the properties within 90 days of confirmation and payment of net proceeds from escrow. Finally, the court noted that the Plan did not provide for a remedy in the event of an uncured material default, but it stated its inclination to order payment of net proceeds and grant stay relief to allow Ms. Zhang to foreclose on the Redmond Property.

Prior to ordering relief, the court directed Ms. Zhang to file a declaration of the amounts she collected from Debtors' assets in China and provide a payoff calculation for her claim. The court also directed Debtors to file a final settlement statement for the Sammamish Property and an accounting of the remaining proceeds. The court entered an order directing the parties to file their declarations by December 1, 2023, and it continued the hearing to December 8, 2023.

---

[4] LBR 3007-1(a) provides: "Unless otherwise ordered by the court, objections to claims in chapter 11 cases must be filed and served no later than 60 days after the entry of the order confirming a plan."

Ms. Zhang filed a declaration in which she testified that she did not receive any amounts from executing the Chinese Judgment, and all amounts held in the court registry in her name had been reallocated to other creditors. But she acknowledged that she received compensation from Debtors in the form of rent-free use of an apartment they owned, a cash payment related to her use of an apartment they owned in Beijing, and rents she received from tenants living in another apartment owned by Debtors in China. Ms. Zhang stated that the total value of in-kind contributions and cash payments she received was $347,902.80, but she argued those amounts should not be offset against the settled claim amount because they occurred almost entirely before the agreement. She provided a payoff calculation indicating $3,017,532.63 due on her claim.

Debtors' attorney filed a declaration which included the settlement statement for the Sammamish Property and an accounting of the proceeds from the sale. The accounting showed net proceeds of $612,299.06.

On the same day, Ms. Liu filed a declaration and attached a table of financial transactions filed in the Hao Lu Action, which purported to show payments between her and Ms. Zhang. She also attached a translated copy of a lease agreement which she believed evidenced Ms. Zhang's use of one of Debtors' properties. According to Ms. Liu, the table demonstrated that Debtors owed Ms. Zhang nothing and she owed Debtors at least $705,849.44.

Ms. Zhang objected to Ms. Liu's declaration as unauthorized, and she disputed Ms. Liu's contentions because the exhibit was not verified, did not include all pages of the financial transactions table, was disputed by Ms. Zhang in the Hao Lu Action, and was not relied on by the Chinese court. Ms. Zhang further argued that Debtors' attempt to dispute owing her money was foreclosed by the settlement agreement and the confirmed Plan.

At the continued hearing, the court stated that it reviewed the declarations filed by Ms. Zhang and by Debtors' attorney, but it would not consider Ms. Liu's declaration. The court ordered Debtors to pay $612,299.06 from the proceeds of the Sammamish Property sale and it granted stay relief to allow Ms. Zhang to foreclose her deed of trust on the Redmond Property. The bankruptcy court entered a written order, and Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by determining that Debtors were in material default of the Plan?

Did the bankruptcy court abuse its discretion by refusing to consider Ms. Liu's declaration?

9

## STANDARDS OF REVIEW

We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012). Debtors do not dispute the factual basis of the court's ruling. They argue that, under the terms of the confirmed Plan, they were not in material default. A reorganization plan "resembles a consent decree and therefore, should be construed basically as a contract" with state law controlling its interpretation. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993); *C.F. Brookside, Ltd. v. Skyview Mem'l Lawn Cemetery (In re Affordable Hous. Dev. Corp.)*, 175 B.R. 324, 329 (9th Cir. BAP 1994). Where contract interpretation does not require consideration of extrinsic evidence, it presents only an issue of law. *Viking Bank v. Firgrove Commons 3, LLC*, 334 P.3d 116, 119 (Wash. Ct. App. 2014).

Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review a bankruptcy court's evidentiary rulings for abuse of discretion, and then reverse only if any error would have been prejudicial to the appellant. *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 351 (9th Cir. BAP 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

**A.    The bankruptcy court did not err by determining that Debtors were in material default of the confirmed plan.**

Debtors acknowledge the Plan provides that Ms. Zhang has an allowed claim, and they concede they did not make the payments to Ms. Zhang as required by the Plan. Their central argument is that section 4.02 of the Plan authorizes them to object to a claim "at any time," and the Plan does not require them to file a written objection to render a claim a "Disputed Claim."[5] Debtors argue Ms. Zhang's claim was a "Disputed Claim" under the Plan, and thus not entitled to treatment, because they gave her notice that they disputed the claim.

We agree with the bankruptcy court's interpretation of the Plan. Section 4.02 does not authorize Debtors to file claim objections "at any time." It merely states that Debtors may object "prior to or following" confirmation. Because the Plan does not provide a deadline for claims objections, the bankruptcy court correctly held that LBR 3007-1(a) fills in the gap. Under the Local Rule, claims objections must be filed no later than 60 days after confirmation, unless the court orders otherwise. Debtors did

---

[5] Although Debtors also argue the bankruptcy court abused its discretion by granting stay relief and ordering payment of net proceeds of the Sammamish sale to Ms. Zhang, their arguments rely crucially on their contention that Ms. Zhang's claim was a "Disputed Claim," and thus, they were not in material default. Because we affirm the bankruptcy court's holding that Debtors were in material default, we do not separately address their arguments regarding relief.

not file an objection to Ms. Zhang's claim within the deadline (or anytime thereafter), and they cannot do so now.[6]

Section 5.01 defines a "Disputed Claim" as one "that has not been allowed or disallowed by a final, non-appealable order." But Ms. Zhang's claim was allowed by the order approving the settlement and the order confirming the Plan. Both orders are final and non-appealable.[7] And there is nothing in the Plan that allows Debtors to treat a claim as a "Disputed Claim" without filing an objection. Debtors' interpretation of the Plan would allow them to indefinitely withhold payment simply by telling a creditor they dispute the claim, without ever taking steps to resolve the asserted dispute by filing an objection and obtaining a ruling from the court.

Debtors contend that any default is non-material because the Plan provides for payment of all amounts owing plus interest at the end of the

---

[6] Debtors presume they can object to Ms. Zhang's claim notwithstanding the deadline, because in January 2023, the bankruptcy court sustained their objection to a claim, held by creditor Xiaoming Ding, which was similarly allowed by a court-approved settlement and the Plan. We find no support for Debtors' contention because Ding's claim was fully satisfied from Debtors' assets in China, and Ding did not oppose Debtors' objection.

[7] Debtors suggest that if they are successful in their appeal of the order denying their motion to vacate the settlement order (which was pending before the BAP at the time of briefing, and is currently before the Ninth Circuit), they will be able to file an objection to Ms. Zhang's claim. But Debtors did not appeal the confirmation order, and they did not object to Ms. Zhang's claim within the deadline set by LBR 3007-1(a). Even if they succeed on their appeal to vacate the settlement order, Ms. Zhang's claim was allowed by the final order confirming the Plan. Its status as an allowed claim is now fixed and Debtors cannot avoid default by objecting to the claim after the deadline.

Plan term, which they argue is still possible. But Debtors' promise to sell the Redmond Property and Sammamish Property within 90 days of confirmation and pay Ms. Zhang the net proceeds was material consideration for Ms. Zhang's agreement to settle the claim, withdraw her objections, and support confirmation of the Plan. The bankruptcy court did not err in determining that Debtors were in material default of the confirmed Plan.

**B.      The bankruptcy court did not abuse its discretion by refusing to consider Ms. Liu's declaration.**

Debtors argue the bankruptcy court abused its discretion by refusing to consider Ms. Liu's declaration and the attached exhibits. Debtors also contend the court erred by refusing to hear objections to Ms. Zhang's declaration, but they do not identify in the record, nor do we find, any evidentiary objection. By failing to object, Debtors waived any argument on appeal regarding admission of Ms. Zhang's declaration. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 n.5 (9th Cir. 2002).

The bankruptcy court did not abuse its discretion by refusing to consider Ms. Liu's declaration. At the November 2022 hearing, the court found that Debtors were in material default. Because the Plan did not specify the relief to be granted upon material default, the court ordered the parties to file limited declarations to aid its decision regarding the relief it would grant.

13

Ms. Liu's additional declaration was not authorized by the court. And, as the court reasoned, Debtors were in possession of the exhibits they attached well before Ms. Zhang filed her motion to enforce the terms of the confirmed Plan. Debtors opposed Ms. Zhang's motion to enforce the Plan, but they did not raise the argument or provide the alleged evidence until after the court decided they were in material default. Pursuant to LBR 9013-1(d), Debtors could file a response to the motion, but "[n]o additional replies will be considered by the court, unless otherwise ordered."

Additionally, Debtors have not demonstrated how they were prejudiced by the court's decision. Despite their long-standing claims of fraud against Ms. Zhang, Debtors willingly settled the dispute and agreed to allow her claim at $3,000,000 and treat it according to the terms of the Plan. We do not see how the court's refusal to consider evidence of a dispute—which Debtors voluntarily settled—could prejudice them in any way.

Debtors have not shown any abuse of discretion by the court in refusing to consider Ms. Liu's unauthorized declaration.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order holding Debtors in material default of the confirmed Plan, directing them to disburse $612,299.06 to Ms. Zhang, and lifting the stay to allow Ms. Zhang to foreclose on the Redmond Property.

14