NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BKWSPOKANE, LLC,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Bank of Whitman; COLUMBIA STATE BANK,<br><br>    Defendants - Appellees. | No. 14-35284<br><br>D.C. No. 2:12-cv-00521-TOR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Argued and Submitted September 1, 2016
Seattle, Washington

Before: SCHROEDER, McKEOWN, and DAVIS,[**] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Appellant BKWSpokane, LLC, the owner of a commercial building in downtown Spokane, Washington, appeals several orders of the district court. Specifically, BKWSpokane contends that the district court erred by (1) entering summary judgment in favor of Appellee Federal Deposit Insurance Corporation ("the FDIC") on BKWSpokane's breach of contract claim, (2) dismissing BKWSpokane's equitable claims against the FDIC and Appellee Columbia State Bank ("Columbia") and its breach of contract claim against Columbia, (3) denying BKWSpokane's motion to compel certain communications made by the FDIC's in-house counsel, and (4) awarding the FDIC attorneys' fees and costs. For the reasons that follow, we affirm the district court.

1.      First, we address BKWSpokane's contention that the district court erred in concluding as a matter of law that the FDIC repudiated the Master Lease within a reasonable period, as required by § 1821(e)(2) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). After reviewing the parties' cross-motions for summary judgment de novo, *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013), we affirm the district court's grant of summary judgment in favor of the FDIC and denial of BKWSpokane's motion for summary judgment.

2.      Section 1821(e) of FIRREA permits the FDIC to disaffirm or repudiate any contract or lease previously entered into by a failed institution so long as the FDIC deems the contract or lease burdensome and the FDIC exercises its rights "within a reasonable period" following its appointment as Receiver. 12 U.S.C. § 1821(e)(1), (2).

3.      The district court did not err in determining that the FDIC's repudiation of the Master Lease 206 days after its appointment was reasonable under the circumstances. *See* § 1821(e)(2) (requiring the FDIC to repudiate "within a reasonable period"). The FDIC presented undisputed evidence that BKWSpokane knew, as early as October 2011, that Columbia did not intend to assume the Master Lease and that, as a result, BKWSpokane and Columbia engaged in extensive lease negotiations through January 2012. The FDIC's decision to wait until Columbia's lease negotiations with BKWSpokane broke down to begin the administrative process of approving the $22 million repudiation in earnest was not unreasonable. The summary judgment record shows that the FDIC was reasonably hesitant to approve a repudiation until the repudiation's effective date was certain, a date that could not be determined until it was known when, if ever, Columbia would need to vacate the 618 West Riverside building. We also note that the district court correctly concluded that BKWSpokane did not show that it suffered any prejudice

3

directly attributable to the FDIC's decision to wait until BKWSpokane and Columbia's lease negotiations concluded to begin the multi-level administrative process for repudiating the Master Lease.

4. Under these circumstances, the FDIC's repudiation of the Master Lease was timely under § 1821(e)(2), and as a result, the district court did not err in awarding summary judgment to the FDIC on BKWSpokane's breach of contract claim.

5. Further, we reject BKWSpokane's argument that the district court abused its discretion by denying BKWSpokane's request to compel certain communications made by the FDIC's in-house counsel. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The district court correctly determined that the opinions, advice, and concurrences issued by the FDIC's in-house counsel to those ultimately responsible for making repudiation determinations on behalf of the FDIC were protected under the attorney-client privilege. *See United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("The attorney-client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation.").

6.     We also conclude, upon de novo review, *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011), that the district court did not err in dismissing with prejudice BKWSpokane's equitable claims against the FDIC and BKWSpokane's breach of contract and equitable claims against Columbia.

7.     As to BKWSpokane's equitable claims of part performance, promissory estoppel/implied contract, and quantum meruit/unjust enrichment against the FDIC, we must affirm dismissal in light of our determination that the FDIC properly repudiated the Master Lease in accordance with § 1821(e)(2). "Section 1821(j) prevents courts from granting any equitable relief against the FDIC," with the caveat that "[t]he bar imposed by § 1821(j) does not extend to situations in which the FDIC as receiver asserts authority beyond that granted to it as a receiver." *Sharpe v. FDIC*, 126 F.3d 1147, 1154–55 (9th Cir. 1997). Accordingly, because BKWSpokane's equitable claims seek relief of a kind disallowed by FIRREA under these circumstances, the claims were properly dismissed and any amendment to BKWSpokane's complaint would have been futile. *See Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir. 1987) ("This court may affirm the district court on any ground finding support in the record.").

8.     Turning to the district court's dismissal of BKWSpokane's claims against Columbia, the district court appropriately determined that BKWSpokane

lacked standing to assert a breach of contract claim against Columbia under the Purchase and Assumption Agreement ("PAA").[1] BKWSpokane argues that it is not actually seeking to enforce the PAA as an intended third-party beneficiary. Rather, BKWSpokane asserts that, in light of the representations made to Robert Samuel during his meeting with FDIC representatives, BKWSpokane became a direct beneficiary under the PAA, thereby rendering the district court's reliance on *GECCMC 2005-C1 Plummer St. Office Ltd. P'Ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027 (9th Cir. 2012), amiss. We find this argument without merit.

9.　　While representatives of the FDIC may have "specifically pointed out that the express terms of the PAA provided that [Columbia] had 90 days, in writing[,] to either assume or reject the Master Lease and another 90 days to vacate the building if the decision was to reject," ER 525, those statements did not transform BKWSpokane into a party to the PAA, and the district court appropriately concluded that BKWSpokane was not an intended third-party beneficiary capable of enforcing its interpretation of the PAA, *GECCMC*, 671 F.3d at 1033–35 (explaining that, because the appellant was not a party to the Purchase

---

[1] In resolving Columbia's motion to dismiss, the district court was entitled to take judicial notice of the PAA as a matter of public record. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

and Assumption Agreement, in order to have standing to enforce its terms, the appellant must demonstrate that it was an intended third-party beneficiary but also noting that the Agreement's "'no third-party beneficiary' clause stacks the deck against [the appellant's] claims at the outset"). Accordingly, the district court appropriately dismissed BKWSpokane's breach of contract claim against Columbia.

10.    We similarly conclude that the district court properly dismissed BKWSpokane's equitable claims against Columbia. Assuming without deciding that BKWSpokane has standing to assert equitable claims against Columbia, we note that BKWSpokane's resort to quasi-contract principles is barred because BKWSpokane was a party to an express contract, and under Washington law, "[a] party to a valid express contract . . . may not . . . bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943). Thus, because the Master Lease governed the parties' obligations as to the 618 West Riverside property, the district court appropriately dismissed BKWSpokane's quasi- or implied-contract claims against Columbia with prejudice.

11.    Finally, we address BKWSpokane's challenge to the district court's award of attorneys' fees and costs to the FDIC. "We review an award of attorney's

7

fees for an abuse of discretion." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). However, "[a]ny element of legal analysis which figure[d] in[to] the district court's decision is reviewed *de novo*." *Id.* BKWSpokane argues that the district court was not at liberty to award attorneys' fees and costs to the FDIC under the attorney-fee provision of the Master Lease in light of the district court's determination that the FDIC had properly repudiated the Master Lease. A review of case law from this Circuit shows that BKWSpokane is incorrect in its assessment of the law. We have upheld an award of attorneys' fees and costs to the Resolution Trust Corporation ("RTC"), the FDIC's predecessor, pursuant to a contract's attorney-fee provision after the RTC successfully defended its repudiation of the contract. *See Franklin Fin. v. Resolution Tr. Corp.*, 53 F.3d 268, 273 (9th Cir. 1995). Thus, we conclude that the district court did not abuse its discretion in awarding attorneys' fees and costs to the FDIC in accordance with the attorney-fee provision of the Master Lease.

**AFFIRMED.**