22-2836
SPA 79 D L.P. v. National Credit Union Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

SPA 79 D L.P.,

      *Plaintiff-Appellant*,

      v.                            22-2836

NATIONAL CREDIT UNION ADMINISTRATION, NATIONAL CREDIT UNION ADMINISTRATION BOARD, AS CONSERVATOR FOR MUNICIPAL CREDIT UNION, MUNICIPAL CREDIT UNION, MICHAEL G. RYAN, IN HIS CAPACITY AS AGENT FOR THE NATIONAL CREDIT UNION ADMINISTRATION BOARD,

      *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Stephan B. Gleich, Lara Pouratian Emouna, Gleich, Farkas & Emouna LLP, Great Neck, New York.

**FOR DEFENDANTS-APPELLEES:**               Robert W. Schumacher, Rachel G. Balaban, and Varuni Nelson, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff SPA 79 D L.P. ("SPA") appeals from a judgment of the United States District Court for the Eastern District of New York denying plaintiff's motion for partial summary judgment and granting summary judgment in favor of Defendants in connection with a lease repudiated by Defendant National Credit Union Administration Board ("NCUAB") in its capacity as conservator for Municipal Credit Union ("MCU"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

### STANDARD OF REVIEW

We review an order granting summary judgment de novo, construing all evidence in the light most favorable to the nonmoving party. *See Gordon v. Vincent Youmans, Inc.*, 358 F.2d 261, 262 (2d Cir. 1965).

**DISCUSSION**

**1. Section 1787**

The Federal Credit Union Act, as amended by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), enumerates NCUAB's powers and responsibilities as a conservator for a failed credit union. *See Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co.* ("*Goldman Sachs*"), 775 F.3d 145, 148 (2d Cir. 2014) (citing FIRREA § 1217).

Relevant here is NCUAB's power to repudiate a failed credit union's contract. *See* 12 U.S.C. § 1787(c). Section 1787(c), in relevant part, reads:

**(c) Provisions relating to contracts entered into before appointment of conservator or liquidating agent**

**(1) Authority to repudiate contracts**

In addition to any other rights *a conservator* . . . may have, the conservator . . . for any insured credit union *may disaffirm or repudiate any contract or lease—*

(A) to which such credit union is a party;

(B) the performance of which the conservator . . ., in the conservator's . . . discretion, determines to be burdensome; and

(C) the disaffirmance or repudiation of which the conservator . . . determines, in the conservator's . . . discretion, will promote the orderly administration of the credit union's affairs.

**(2) Timing of repudiation**

> The *conservator . . .* appointed for any insured credit union *shall determine whether or not to exercise the rights of repudiation* under this subsection *within a reasonable period* following such appointment.

*Id*. § 1787(c)(1)–(2) (emphasis added).

### a. The Conservator Acted Within Its Statutory Authority to Repudiate Under Section 1787

As an initial matter, we reject SPA's contention that NCUAB, as conservator, previously "affirmed" the lease through MCU's July 3, 2019 letter. There is no support in the record for such a contention, and the context and stated purpose of the letter make SPA's interpretation implausible. By its own terms, the July 3, 2019 letter concerned only the issue of automatic termination, as cited, pursuant to Paragraph 10 of the lease regarding "the recent easement taken by the NY Department of Transportation." App'x at 39. The letter itself does not mention Section 1787 or NCUAB, as conservator, and plainly expresses MCU's wishes to forgo termination pursuant to Paragraph 10 of the lease despite the easement and to maintain "the present terms" of the lease. *Id*. Therefore, even with all reasonable inferences drawn in favor of the non-movant, there is no semblance of NCUAB's exercise of any statutory authority pursuant to 12 U.S.C. § 1787(c) in this letter.

Additionally, we find that NCUAB properly exercised its authority to repudiate the lease pursuant to 12 U.S.C. § 1787(c)(1)(A)–(C). Under 12 U.S.C. § 1787(c)(1)(A)–(C), NCUAB, as conservator, has the authority to repudiate "any" contract of a credit union under its conservatorship upon NCUAB's determination, in its discretion, that the contract is burdensome, and that repudiation will promote the orderly administration of the credit union's affairs. *See*

4

*Goldman Sachs*, 775 F.3d at 148.   NCUAB did just that based on an analysis suggesting poor financial performance of MCU by Bancography.[1]   App'x at 247-48, 469-537.

**b. The Conservator Acted Within a Reasonable Time Period**

Having concluded that NCUAB had statutory authority to repudiate the lease, we conclude in addition that it repudiated within a reasonable time.

Section 1787(c) requires a conservator to determine whether to exercise its rights of repudiation "within a reasonable period following [the conservator's] appointment."   *See Goldman Sachs*, 775 F.3d at 153 (quoting 12 U.S.C. § 1787(c)(2)).   Congress did not define what constitutes a "reasonable period" of time, but instead granted broad discretion to the conservator.

NCUAB was appointed as conservator on May 17, 2019, and repudiated the lease in a little over seven months, on December 27, 2019.   NCUAB was not only required to decide whether to repudiate the lease but was also required to seek the necessary state regulatory approvals to do so. As detailed by the district court and Defendants, repudiation of the lease occurred within 90 days of receiving the Bancography report that brought to light the burdensome nature of the lease; within 25 days of receiving the required approvals from New York Department of Financial Services to repudiate; and within 10 days of the final approval of the branch closure plan.   Indeed, NCUAB's appointment as conservator for a $4.2 billion federally insured, state-chartered credit union was no small charge, especially considering its unsafe and unsound conditions.   The record in no way suggests that NCUAB was dilatory or acted in bad faith.   Under these circumstances, NCUAB's repudiation of the lease a little over seven months after its appointment was within a

---

[1] Bancography is a third-party company that provides consulting services to financial institutions.

reasonable period. *See BKWSpokane, LLC v. FDIC*, 663 F. App'x 524, 526–27 (9th Cir. 2016) (finding timely under FIRREA, in the circumstances there, an FDIC repudiation 206 days after its appointment as receiver); *see also Goldman Sachs*, 775 F.3d at 153 (finding that NCUA acted reasonably after repudiating a contract nearly three years after its appointment).

\*     \*     \*

We have considered all of SPA's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court